**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------------X**

**CAREY SMITH,**

**Plaintiff,**

**-versus-**

**NEW YORK STATE CORRECTIONS OFFICER ("CO") KYLE KENNEDY; CO JOHN CRANCE; and JOHN AND JANE DOE NEW YORK STATE AGENTS NOS. 1-10, individually and in their official capacities,**

**Defendants.**

**-----------------------------------------------------------------X**

**DECLARATION OF MOIRA MELTZER-COHEN IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

**6:18-cv-06658 (DGL)(MJP)**

**ECF CASE**

MOIRA MELTZER-COHEN, an attorney duly admitted to practice before this Court, hereby declares pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. I am the attorney for Carey Smith, the Plaintiff herein, and submit this declaration in support of her motion for leave to file a First Amended Complaint.

2. A copy of the proposed First Amended Complaint ("FAC") is attached as Exhibit 1.

3. The uses of force that provide the factual basis for Plaintiff's claims took place on September 18, 2015.

4. In connection with conducting an investigation prior to filing suit, which investigation began in June, 2016, I endeavored to discover the true names of the New York State Department of Correctional Services ("DOCCS") agents who were involved in beating

Plaintiff; who failed to intervene to prevent the beating; and who failed to take remedial or supervisory action thereafter.

5. For example, I filed a Freedom of Information Law ("FOIL") request with DOCCS on June 22, 2016, seeking, *inter alia*, "any documentation regarding 3/20/15 incident, written, photographic or otherwise," to determine whether any of the officers involved in that incident were also involved in the September 18, 2015 incident.

6. In July of 2017, DOCCS made a partial disclosures of records in response to the June 22, 2016 FOIL request.

7. None of the documents disclosed by DOCCS in July of 2017 in response to the June 22, 2016 FOIL request pertained to the September 18, 2015 beating or any subsequent investigation in any way, and the records returned were redacted as to the names of the DOCCS agents involved.

8. On January 3, 2017, I called Brooklyn Parole Area IV, and spoke to a Parole Officer whose last name was Principado about the circumstances of Ms. Smith's arrival at Brooklyn Parole Area IV on September 18, 2015, her condition upon arrival, and how I might access any information Parole may have had about the officers involved in her transport. PO Principado directed me to her supervisor, who instructed me to call the office of DOCCS Counsel.

9. On January 4, 2017, I called the office of DOCCS Counsel and spoke to FOIL Officer Chad Powell, who instructed me, based on my description of what I was seeking, to direct a FOIL request to Regional Director Nigel Joseph.

10. On January 16, 2017, I filed another FOIL request with DOCCS directed to Nigel Joseph, seeking, *inter alia*:

> "[A]**ll records in the possession of DOCCS, the Brooklyn 4 Office, and any other office under your purview, concerning the entire time starting from the above-described transport, arrival, and transport to the hospital, through any meetings with investigators, and up to the present**, including but not limited to the following documents: (1) reports and transcripts generated from meetings, emails, letters, or phone calls with Ms. Smith or about Ms. Smith; (2) any photographs, drawings, sketches, or images of any kind used to conduct interviews or document her condition; (3) any reports, files, memoranda, videos, audiotapes, or internal communications generated by interviews **and** follow-up interviews of Ms. Smith, her transporting officers, and anyone who observed the condition in which she arrived at Brooklyn 4."

11. On September 22, 2017, I requested all of Ms. Smith's medical records from Methodist Hospital, in hopes that they contained the required identifying information. When I eventually received responsive records, they did not.

12. On February 27, 2017, DOCCS made a partial disclosure of records in response to my January 16, 2017 FOIL request.

13. Some of those records disclosed by DOCCS in February, 2017 included information about the injuries Ms. Smith sustained on September 18, 2015 – but none of those records included the names of the DOCCS agents who were involved in beating Plaintiff; who failed to intervene to prevent the beating; and/or who failed to take remedial or supervisory action thereafter.

14. On September 6, 2018, I called the DOCCS FOIL office to inquire as to any further records. I spoke to a receptionist who told me the assigned FOIL Officer was out, and I was told someone would call me back.

15. On or about September 13, 2018, I called Five Points Correctional Facility to ask them to check the duty rosters for the morning of September 18, 2015, as I was inquiring as to the names of any DOCCS agents who were working on that date and would have been involved in Ms. Smith's transport and assault.

16. I spoke with a person, who identified himself as the Watch Commander.

17. That person said he remembered the incident surrounding Ms. Smith's transport. He further informed me that "the person" whose name I was looking for was "CO John Crance," and that Mr. Crance was "no longer with" DOCCS. He did not disclose any other names or indicate that any other individual had been working the shift assignment during which Ms. Smith had been assaulted.

18. Plaintiff filed the instant lawsuit through counsel on September 15, 2018. *See* Dkt. 1.

19. Based on the information available to Plaintiff and counsel by September 15, 2018 – the date the complaint was filed – the Complaint named CO John Crance and Kyle Kennedy – the only personally involved DOCCS agents whose names were known to Plaintiff and counsel by that time – as well as "John and Jane Doe New York State Agents Nos. 1-10", described in the Complaint as "DOCCS and/or New York State Office of the Inspector General ("OIG") agents who knew about and/or investigated Plaintiff's beating at the hands of Defendant Crance, and Defendant Kennedy's failure to intervene with respect to the same and failed to supervise or discipline Defendant Crance related to beating Ms. Smith." *See* Complaint ¶¶ 9, 82-84, 100-105.

20. The Complaint alleges, *inter alia*, that Defendant Crance assaulted Ms. Smith – who was then a prisoner at Five Points Correctional Facility - on September 18, 2015, as Crance, Defendant Kennedy, and others prepared Ms. Smith for transport from Five Points in Romulus, New York to Parole Division IV in Brooklyn, NY, and Crance or another DOCCS agent shackled Ms. Smith in tight shackles for hours, causing her injuries; which assault and injuries

Kennedy and the Doe Officers named in the Complaint failed to prevent, take steps to remedy, and in fact took steps to cover up.

21. The Complaint pleaded violations of Ms. Smith's rights to be free of excessive force under the Fourth, Eighth, and Fourteenth Amendments against Defendants Crance, Kennedy, and the Does; as well as related *Monell* claims against the State of New York. *See* Complaint ¶ 106-110.

22. Plaintiff served the State of New York and the individual Defendants in October and November of 2018. *See* Dkts. 4-7.

23. On February 1, 2019, *after* the filing of this lawsuit, and pursuant to further investigation and communication with DOCCS FOIL officers, I received further disclosures pursuant to my January, 2017 FOIL request, including records from the Office of Special Investigations.

24. Those files were somewhat duplicative of earlier disclosures, but contained some previously undisclosed records – many pages of which were heavily redacted, and none of which revealed the names of the officers involved. (For example, one page includes a report that states "The Officers who did the transport are as follows:" followed by redaction bars.)

25. Those files do include four redacted and nearly identical "To/From" memos, authored by each of the officers who participated in the transport; none of the records yielded information about their true identities.

26. Despite the continued interaction of counsel with the agencies in possession of relevant and already-requested records, and despite the further disclosure of some relevant records, the true names of Doe Defendants were not disclosed, and even the likely number of

persons responsible for Ms. Smith during her transport was not clear, until March, 2020 -- well after the suit had been filed.

27. The State of New York answered the Complaint on March 8, 2019. *See* Dkt. 17.

28. On March 13, 2019, the Court scheduled a Scheduling Conference for May 8, 2019. *See* Dkt. 9.

29. On March 20, 2019, the Court granted the Attorney General's request for additional time to contact Defendants Kennedy and Crance regarding representation, and set May 10, 2019 as the date by which answers were to be due from Defendants Kennedy and Crance. *See* Dkt. 10.

30. During the first Scheduling Conference in the case on May 8, 2019, the need to identify the Doe Defendants was among the topics discussed. For example, according to the related docket entry, the Attorney General "update[ed] the Court on the preservation of video footage *for identification of John Doe defendants*." *See* Dkt. 13 (emphasis added).

31. On July 15, 2019; July 27, 2019; and August 13, 2019 counsel subsequently appeared and filed answers on behalf of Defendants Crance and Kennedy. *See* Dkts. 15-19, and 23.

32. On December 18, 2019, the Court scheduled an initial pretrial conference for January 29, 2020, and ordered the parties to submit a joint proposed discovery plan four days prior. *See* Dkt. 25.

33. During the lead-up to submission of the joint discovery plan, counsel acknowledged that Doe defendants would need to be identified and added by the deadline to amend pleadings and join parties.

34. On January 21, 2020, the parties submitted the joint proposed discovery plan, which contemplated that initial disclosures would be done by March 2, 2020, and pleadings amended on the basis of those disclosures by one month later. *See* Dkt. 26.

35. On January 30, 2020, following the January 29, 2020 initial pre-trial conference, the Court set a scheduling order by which initial disclosures were to be exchanged by March 2, 2020, and motions to join parties or amend the Complaint were due on April 2, 2020. *See* Dkt. 30.

36. On February 27, 2020, Plaintiff made a motion on consent for extensions of certain deadlines set in the January 30, 2020 scheduling order, including, *inter alia*, the deadlines by which initial disclosures and applications to join parties or amend pleadings were due. *See* Dkt. 32.

37. On February 28, 2020, the Court granted the application, and set March 9, 2020 as the date by which the parties were to make their initial disclosures; and April 9, 2020 as the date by which Plaintiff was to file any application to join parties or amend pleadings. *See* Dkt. 33.

38. On March 6, 2020, days before initial disclosures were due, parties executed a confidentiality stipulation. See Dkt. 35.

39. The parties exchanged initial disclosures in March of 2020 - just after the initial COVID lockdowns.

40. At that time, *for the first time*, unredacted records stemming from the investigation conducted by OSI, including transcripts of Q&A sessions with all four officers involved in Ms. Smith's transport, were disclosed, along with records stemming from the disciplinary actions and proceedings initiated by DOCCS.

41. All or nearly all the records disclosed by Defendants were marked Confidential.

42. Only upon review of those records was counsel, for the very first time, able to glean the true names of the Doe defendants, as well as some preliminary information about their roles in Ms. Smith's assault and the subsequent cover-ups and failures to take remedial actions.

43. I determined that the only Doe defendants whose true identities could be ascertained were those names had been revealed for the first time in the initial disclosures, and that they were likely all the remaining Doe defendants.

44. On consent of all counsel, I have publicly filed a Proposed First Amended Complaint that includes the true names of Doe Defendants 1 and 2.

45. No discovery beyond initial disclosures has been conducted.

46. On September 29, 2020, counsel requested a six-week extension of time, on consent, pending further efforts at settlement, with a corollary extension to amend the Complaint. See Dkt. 38.

47. According to the most recent scheduling order, all discovery is to conclude on May 17, 2021, with all dispositive motions due December 20, 2021. All motions to join parties or amend pleadings are to be file by November 16, 2020. See Dkt. 39.

**The Proposed First Amended Complaint**

48. The changes from the existing complaint are as follows:

a. The true names of Defendant Officers Doe 1 and 2 are substituted in the caption.

b. The true names of Defendant Officers Doe 1 and 2 are included in the paragraph identifying parties. (Ex. 1 ¶¶ 8-9).

c. The factual portion of the proposed FAC includes nearly identical details about the assault, the proceeding lack of intervention and care, and the cover-up, but includes some allegations as to the personal involvement of the two substituted

    Defendants. It specifies, to the extent possible, given the Confidentiality Order, the conduct of each Defendant that, it is alleged, violated Ms. Smith's constitutional rights. (See Ex. 1, ¶¶ 47-55, 101-105, and 109-112).

d. The factual portion of the proposed first amended complaint does not, given the Confidentiality Order, include relevant information that had been in the exclusive possession of Defendants, and was disclosed in March, 2020, but all counsel will confer as to how such relevant information can be used in a manner that respects the Confidentiality of Defendants without compromising the pursuit of justice.

e. There are no additional causes of action pled in the proposed first amended complaint – in fact it contains fewer causes of action, due to the mutual agreement of the parties to stipulate to withdrawal of Monell claims and complaints against Defendants in their official capacities.

Dated: NEW YORK, NY
November 16, 2020

______________________
MOIRA MELTZER-COHEN
277 Broadway, Suite 1501
New York, NY 10007
347.248.6771
meltzercohen@gmail.com