

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

October 9, 2025

**BY ECF**
Hon. Meredith A. Vacca, United States District Judge
United States District Court, Western District of New York
100 State Street
Rochester, NY 14614

   Re: *Smith v. Crance, et al.*, 18-cv-06658 (MAV)(MJP)

Your Honor:

  I am co-counsel to Plaintiff in the above-captioned matter. Today, Plaintiff has filed a motion pursuant to ¶¶6 and 12 of the March 6, 2025 Confidentiality Stipulation and Protective Order in this case (ECF 35, the "Protective Order") before United States Magistrate Judge Mark W. Pedersen asking that the Court remove the confidentiality designations from certain documents that Plaintiff intends to rely on ins a motion for partial summary judgment on liability with respect to Defendant John Crance. (ECF 145, the "De-Designation Application"). A true copy of the Protective Order is attached.

  Plaintiff now writes seeking leave from the Court to file the Arbitration Transcripts and those parts of Plaintiff's partial summary judgment motion that reveal the contents of the Arbitration Transcripts (*i.e.,* parts of Plaintiff's statement pursuant to Fed.R.Civ.P. 56.1 and Plaintiff's Memorandum of Law) under seal, consistent with ¶ 7 of the Protective Order, while Judge Pedersen considers that application. There has been no prior application to file parts of Plaintiff's motion under seal. Counsel for Defendant Crance consents to this application. If the Court grants this application, Plaintiff would file placeholders for the Arbitration Transcripts, and redacted versions of the 56.1 statement and memorandum, on the public docket.

  As background, counsel for Defendant John Crance have produced a number of documents created in the course of the arbitration proceedings related to the incident that is the subject of this lawsuit, including transcripts of testimony given by all of the Defendants about the incident, designating all of them as "Confidential" in their entirety pursuant to the Protective Order.[1] Plaintiff's motion for partial summary judgment as to Defendant Crance – which is due to be filed on October 13, 2025 – relies heavily on those transcripts.

  As seen in Plaintiff's De-Designation Application, Plaintiff has asked the Court to remove the confidentiality designations as to the Arbitration Transcripts. However, while the application is pending, the Protective Order requires that Plaintiff treat them – and any

---

[1] Those "Arbitration Transcripts" at issue in this application are the transcripts of arbitration proceedings held on April 14, 2016, April 21, 2016, May 9, 2016, June 6, 2016, and June 7, 2016.

documents that incorporate or reveal the contents of the Arbitration Transcripts - as Confidential. *See* Protective Order ¶¶2-7.

Because Plaintiff's motion relies so heavily on the Arbitration Transcripts or information contained in them, it would be difficult, and burdensome, to create and file versions of Plaintiff's motion papers with redactions of any and all information that Defendants might consider Confidential. For example, in this case, Plaintiff's counsel questioned Defendants about the topics and facts in the Arbitration Transcripts in their depositions in this case, and Defendants have not sought to designate their testimony as Confidential. Defendants might consider that testimony to be information that incorporates or reveals the contents of the Arbitration Transcripts. So, here, Plaintiff's counsel cannot appropriately redact the materials at this stage.

Plaintiff therefore respectfully requests that the Court issue an order allowing Plaintiff to file the Arbitration Transcripts and those parts of Plaintiff's partial summary judgment motion that reveal the contents of the Arbitration Transcripts (*i.e.,* parts of Plaintiff's statement pursuant to Fed.R.Civ.P. 56.1 and parts of Plaintiff's Memorandum of Law) under seal while Judge Pedersen entertains Plaintiff's De-Designation application.

Thank you for your attention to this matter.

Respectfully submitted,

Gideon Orion Oliver