UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CAREY SMITH,

                                    Plaintiff,

         -against-

NEW YORK STATE, et al,

                                  Defendants.

18 CV 6658 (MAV)(MJP)

**PLAINTIFF'S LOCAL CIVIL RULE 56(a)(1) STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

------------------------------------------------------------------------X

**The September 18, 2015 Incident**

1. On September 18, 2015, Plaintiff Carey Smith was released from carceral confinement at Five Points Correctional Facility ("Five Points") and taken by Defendant John Crance to a New York State Department of Corrections and Community Supervision ("DOCCS") parole office in Brooklyn. Declaration of Counsel Yan Fu ("Fu Decl.") Exhibit ("Ex.") 2, Transcript of the Deposition of John Crance ("Crance Dep. Tr.") 22:8–13, 41:18–20.

2. DOCCS transported Plaintiff from Five Points to the Brooklyn parole office. Crance Dep. Tr. 22:8–13, 41:18–20.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████
██

████████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████████





███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████

25. It was not acceptable under DOCCS policies and procedures to force an inmate to take a shower before leaving the facility. Marketos Dep. Tr. 79:19–22.

███████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████████

████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████████████████

████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

4





50. On September 18, 2015, Plaintiff was compliant with Defendants the entire time she was in their custody. Crance Dep. Tr. 170:16–23.

51. On September 18, 2015, there was no reason at all for any Defendant to use force on Plaintiff. Crance Dep. Tr. 170:16–20.

**DOCCS's Investigation and Discipline of Defendant Crance**

███████████████████████████████████████████████████

███████████████████████████

███████████████████████

███████████████████████████████████████████████████

███████████████████████████

██████

54. An investigation into this incident was conducted by OSI.  *See* Fu Decl. Ex. 13, OSI Report of Complaint Progress.

███████████████████████████████████████████████████

████████████

56. Plaintiff initially told OSI that she believed the name of the officer who attacked her was "Strangio" or "Strangeo" (phonetic).  Fu Decl. Ex. 14, Transcript of OSI Interview of Carey Smith ("Plaintiff OSI Tr.") 16:17 – 18:17; Fu Decl. Ex. 15, Transcript of Deposition of Carey Smith ("Plaintiff Dep. Tr.") 67:11–68:1.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████

58. Officer "Strangio"/"Strangeo" is Defendant Crance.  Smith Dep. Tr. 67:18–20.

███████████████████████████████████████████████████

████████████

███████████████████████████████████████████████████

██████

7

61. Defendant Crance was suspended from DOCCS without pay effective November 30, 2015. Fu Decl. Ex. 1, Arbitration Opinion and Award ("Arb. Op.") at 2.

62. DOCCS served a notice of discipline on Defendant Crance, charging him with 6 separate disciplinary infractions:

>  1) On September 18, 2015, while on duty as Transportation Officer at Five Points Correctional Facility, you used unnecessary physical force on an inmate, in violation of DOCCS Employees' Manual Sections 2.2, 9.1 and 9.2, and DOCCS Directive #4944: Use of Physical Force. Specifically, immediately prior to your involvement with the transport of Inmate Carey Smith (10A1107) from Five Points CF to the Community Supervision Office in Brooklyn, you punched the inmate in the face while in the infirmary after you ordered the inmate to take a shower and the inmate refused.
>
>  2) On September 18, 2015, after using physical force on an inmate as noted in Charge #1, you failed to report the use of force, in violation of DOCCS Employees' Manual Sections 2.2 and 9.4, and DOCCS Directive #4944: Use of Physical Force. Specifically, after using physical force on inmate Carey Smith (10A1107) as noted in Charge #1, you failed to complete and submit to the Superintendent a "Use of Force Report" immediately following your use of physical force on said inmate.
>
>  3) On September 18, 2015, while involved with the transport of an inmate from Five Points CF to the Community Supervision Office in Brooklyn, you failed to discharge your duties and comport yourself so as to carry out the programs and policies of the Department, in violation of DOCCS Employees' Manual Sections 2.2, 2.23 and 7.9. Specifically, while transporting inmate Carey Smith (10AI107), you observed blood on inmate Smith's shirt at a rest area stop off of NY Highway 7 and did not report it to your supervisor, Sgt. J. Duda.
>
>  4) On September 18, 2015, while involved with the transport of an inmate from Five Points CF to the Community Supervision Office in Brooklyn, you failed to report an inmate injury, in violation of DOCCS Employees' Manual Sections 2.2, 2.23, 7.9 and 8.2. Specifically, you observed swelling under inmate Carey Smith's (10A1107) left eye shortly after arriving to the Community Supervision Office in Brooklyn and did not report it to your supervisor, Sgt. J. Duda.
>
>  5) On September 18, 2015, while at the Community Supervision Office in Brooklyn following the transport of inmate Carey Smith (10A1107), you provided false and misleading information to the Office of Special Investigations (OSI), in violation of DOCCS Employees' Manual Sections 2.2 and 4.16. Specifically, in a memorandum to OSI dated September 18, 2015 you stated that you did not observe any injuries to inmate Smith during his transport

8

> from Five Points CF to the Community Supervision Office in Brooklyn.
>
> 6) On October 7, 2015 at approximately 10:30 a.m., while being questioned by OSI staff at the State Office Building in Utica, New York, you provided false and misleading information, in violation of DOCCS Employees' Manual Sections 2.2 and 4.16. Specifically, during the examination:
>
>    - You stated that inmate Carey Smith (10AI 107) requested to shower prior to his transport from Five Points CF to the Community Supervision Office in Brooklyn and did so without incident.
>    - You stated that you did not use physical force on inmate Smith in the infirmary.

Fu Decl. Ex. 17, Notice of Discipline.

63. Subsequently, Defendant Crance's union, the New York State Correctional Officers and Police Benevolent Association, filed a disciplinary grievance and demand for arbitration on his behalf. Fu Decl. Ex. 18, Disciplinary Grievance Form.

64. Defendant Crance and the union were represented by experienced counsel, W. James Schwan, Esq., during the arbitration. *See generally* Fu Decl. Ex. 3, 5, 6, 7.

65. DOCCS and Defendant Crance's counsel agreed that Timothy Taylor, Esq., would serve as the arbitrator. Fu Decl. Ex. 19, February 26, 2016 Schwan Letter.

66. As part of the arbitration, testimony was taken over several days from April 2016 through June 2016, pursuant to the procedures of the New York State Public Employment Relations Board. Arb. Op. at 2.

[redacted]

9

███████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

72. The arbitrator also examined a DOCCS van identical to the one used to transport Plaintiff. Arb. Op. at 27.

73. After all of the testimony, both sides submitted closing briefs. Arb. Op. at 2.

74. Arbitrator Timothy Taylor determined, "by a preponderance of the credible evidence," that Defendant Crance was guilty of all 6 charges brought against him. Arb Op. at 24, 33.

75. Specifically, the arbitrator found, by a preponderance of the evidence, that Defendant Crance struck Plaintiff in the face while they were in the infirmary. Arb Op. at 24.

76. The arbitrator's finding was made based on the testimony and evidence submitted by both sides. Arb Op. at. 24 – 30.

77. Arbitrator Taylor found that the State of New York had probable cause to suspend Defendant Crance from state service on December 12, 2015. Arb Op. at 32.

78. As a result of the arbitrator's findings, Defendant Crance's dismissal from service and loss of any accrued annual leave was upheld as an "appropriate penalty." Arb Op. at 33.

Dated: October 13, 2025
New York, New York

          Respectfully submitted,

          THE FU FIRM PLLC

          By: */s/ Yan Fu*
          Yan Fu
          43 W. 43rd Street, Suite 205
          New York, NY 10036
          (212) 584-0581
          yfu@thefufirm.com

                    GIDEON ORION OLIVER

                    */s/ Gideon Orion Oliver*
                    277 Broadway, Suite 1501
                    New York, NY  10007
                    t: (718) 783-3682
                    f: (646) 349-2914
                    Gideon@GideonLaw.com


                    COHEN & GREEN PLLC

                    By: */s/ Regina Yu*
                    Regina Yu
                    1639 Centre Street, Suite 216
                    Ridgewood (Queens), NY 11385
                    t: (929) 888-9480
                    f: (929) 888-9457
                    regina@femmelaw.com

                    MOIRA MELTZER-COHEN

                    */s/ Moira Meltzer-Cohen*
                    Moira Meltzer-Cohen
                    277 Broadway, Suite 1501
                    New York, NY 10007
                    t: (212) 219-1919
                    meltzercohen@gmail.com

                    *Attorneys for Plaintiff Carey Smith*