UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CAREY SMITH,

                                                          18 CV 6658 (MAV)(MJP)

                      Plaintiff,

            -against-

NEW YORK STATE, et al,

                        Defendants.
-------------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

THE FU FIRM PLLC
Yan Fu
43 W. 43rd Street, Suite 205
New York, NY 10036
(212) 584-0581
yfu@thefufirm.com

GIDEON ORION OLIVER
277 Broadway, Suite 1501
New York, NY 10007
(718) 783-3682
Gideon@GideonLaw.com

COHEN & GREEN PLLC
Regina Yu
1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
(929) 888-9480
regina@femmelaw.com

MOIRA MELTZER-COHEN
277 Broadway, Suite 1501
New York, NY 10007
 (212) 219-1919
meltzercohen@gmail.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

    A.   The September 18, 2015 Incident .................................................................................. 3

    B.   DOCCS's Investigation and Discipline of Defendant Crance ........................................... 7

    C.   The Arbitration ............................................................................................................ 10

STANDARD OF REVIEW ........................................................................................................ 11

ARGUMENT ............................................................................................................................. 12

THE COURT SHOULD GRANT SUMMARY JUDGMENT TO PLAINTIFF ON HER § 1983
EXCESSIVE FORCE CLAIM AGAINST DEFENDANT CRANCE ........................................ 12

    A.   Collateral Estoppel Bars Defendant Crance from Relitigating the Fact that He Punched
Plaintiff ................................................................................................................................ 12

    B.   Applying Collateral Estoppel Here, Plaintiff is Entitled to Summary Judgment on Her
Eighth Amendment Excessive Force Claim ......................................................................... 19

CONCLUSION ......................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Algonquin Power Income Fund v. Christine Falls of N.Y., Inc.*,
    362 F. App'x 151 (2d Cir. 2010) ...........................................................................12

*Bear, Stearns & Co. v. 1109580 Ont., Inc.*,
    409 F.3d 87 (2d Cir. 2005).....................................................................................17

*Beaton v. Metro. Transp. Auth. N.Y.C. Transit*,
    No. 15-CV-8056 (ER), 2018 U.S. Dist. LEXIS 35486 (S.D.N.Y. Mar. 2,
    2018) .......................................................................................................................13

*Bifolck v. Philip Morris USA Inc.*,
    936 F.3d 74 (2d Cir. 2019)..............................................................................14, 17

*Blyden v. Mancusi*,
    186 F.3d 252 (2d Cir. 1999)..................................................................................19

*Colon v. Coughlin*,
    58 F.3d 865 (2d Cir. 1995)....................................................................................12

*Cruz v. N.Y.C. Transit Auth.*,
    No. 24-CV-89 (AT) (HJR), 2025 U.S. Dist. LEXIS 34391 (S.D.N.Y. Feb. 25,
    2025) .......................................................................................................................12

*Cruz v. N.Y.C. Transit Auth.*,
    No. 24-CV-89 (AT) (HJR), 2025 U.S. Dist. LEXIS 8503 (S.D.N.Y. Jan. 16,
    2025) .......................................................................................................................12

*Curry v. City of Syracuse*,
    316 F.3d 324 (2d Cir. 2003)............................................................................13, 15

*Daugherty v. Jefferson Cty.*,
    No. 13-CV-491, 2015 U.S. Dist. LEXIS 103369 (N.D.N.Y. Aug. 6, 2015) ...........................13

*Davis v. Jackson*,
    No. 15-CV-5359 (KMK), 2018 U.S. Dist. LEXIS 3327 (S.D.N.Y. Jan. 8,
    2018) .......................................................................................................................13

*Griffen v. Crippen*,
    193 F.3d 89 (2d Cir. 1999)....................................................................................19

*Hudson v. McMillian*,
    503 U.S. 1, 112 S. Ct. 995 (1992) .........................................................................19

*Kalyanaram v. N.Y. Inst. of Tech.*,
   549 F. App'x 11 (2d Cir. 2013) ...................................................................13

*Kaytor v. Elec. Boat Corp.*,
   609 F.3d 537 (2d Cir. 2010)........................................................................11

*Liverpool v. Davis*,
   442 F. Supp. 3d 714 (S.D.N.Y. 2020)..........................................................11

*Lobban v. Cromwell Towers Apartments, Ltd. P'ship*,
   345 F. Supp. 3d 334 (S.D.N.Y. 2018)..........................................................12

*Manley v. Diversified Recovery Bureau, LLC*,
   No. 20-CV-551Si(F), 2021 U.S. Dist. LEXIS 182448 (W.D.N.Y. Sep. 23,
   2021) ............................................................................................................18

*Marvel Characters v. Simon*,
   310 F.3d 280 (2d Cir. 2002)........................................................................12

*Parklane Hosiery Co. v. Shore*,
   439 U.S. 322 (1979)................................................................................17, 18

*Postlewaite v. McGraw-Hill, Inc.*,
   333 F.3d 42 (2d Cir. 2003)..........................................................................12

*Randolph v. Marche*,
   588 F. Supp. 3d 355 (W.D.N.Y. 2022) .........................................................13

*Shearson/American Express v. McMahon*,
   482 U.S. 220 (1987)....................................................................................18

*Sims v. Artuz*,
   230 F.3d 14 (2d Cir. 2000)..........................................................................19

**Statutes**

42 U.S.C. § 1983 ...........................................................................1, 11, 13

**Other Authorities**

Fed. R. Civ. P. 56 ...............................................................................11

Fed. R. Civ. P. 56(a) ...........................................................................11

U.S. Const. amend VIII.................................................................2, 15, 19, 20

Plaintiff Carey Smith respectfully submits this memorandum of law in support of her motion for summary judgment regarding liability on her 42 U.S.C. § 1983 excessive force claim against Defendant John Crance. For the reasons discussed below, because an arbitrator previously determined that Defendant Crance used force without justification on Plaintiff on September 18, 2015 in the infirmary at Five Points Correctional Facility, collateral estoppel bars Defendant Crance from relitigating this issue of fact. Since it is otherwise undisputed that there was no reason whatsoever to use force on Plaintiff on that date, Plaintiff is entitled to a finding that Defendant Crance is liable on her § 1983 excessive force claim.[1]

## PRELIMINARY STATEMENT

It is undisputed that, on the morning of September 18, 2015, Plaintiff was taken out of her cell at Five Points Correctional Facility for release to parole supervision by Defendants, employees and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). It is undisputed that, when Defendants first arrived at Plaintiff's cell to take her from Five Points to DOCCS's Brooklyn Parole Office, she was uninjured. It is undisputed that Defendant Crance, in his own words ███████████████████ It is undisputed that Plaintiff arrived at the Brooklyn Parole Office with visible injuries. These injuries were so obvious that it is undisputed ███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████

That very night, DOCCS's Office of Special Investigations began an investigation into what happened to Plaintiff. Defendant Crance never worked another day for DOCCS because he

---

[1] If the Court grants Plaintiff's motion, then this matter should continue to a jury trial on Plaintiff's claims against the other Defendants and a trial on damages on Plaintiff's claim against Defendant Crance.

was locked out of the facility immediately and, following the investigation, DOCCS terminated him for, among other things, using unnecessary physical force on Plaintiff. Defendant Crance, through his union, brought a grievance challenging his termination. The grievance progressed to a full-blown arbitration proceeding which included sworn testimony, submission of evidence, and briefing. At the end of the process, the arbitrator (selected by DOCCS and the attorney representing Crance) determined that Defendant Crance violated certain DOCCS's policies and procedures. In a well-reasoned and detailed decision, the arbitrator examined all the evidence submitted by both sides, rejected Defendant's counsel's arguments that Crance did not use force on Plaintiff, and specifically found that Crance punched Plaintiff in the Five Points infirmary prior to taking her out of the facility for the trip to Brooklyn.

Plaintiff respectfully requests that this Court apply collateral estoppel and preclude Defendant Crance from relitigating whether he punched Plaintiff. As discussed below, the identical factual issue—whether Crance punched Plaintiff in the infirmary at Five Points on September 18, 2015—was decided in the arbitration. Defendant Crance had a full and fair opportunity to, and *did*, vigorously litigate the issue. Moreover, the arbitrator's factual finding that Defendant Crance punched Plaintiff was necessary to support his holding that Crance violated DOCCS's prohibition on using unnecessary force on an incarcerated individual.

Since Defendant Crance punched Plaintiff in the Five Points infirmary on September 18, 2015 and because, as he admits, there was no reason to use force on Plaintiff at any time on that day, Plaintiff respectfully requests that the Court grant her summary judgment and find that Crance used excessive force in violation of the Eighth Amendment.

## STATEMENT OF FACTS

For the purposes of this motion only, the following facts are undisputed.

A. **The September 18, 2015 Incident**

On September 18, 2015, Plaintiff Carey Smith was released from carceral confinement at Five Points Correctional Facility ("Five Points") and taken by Defendant John Crance to a DOCCS parole office in Brooklyn. Declaration of Counsel Yan Fu ("Fu Decl.") Exhibit ("Ex.") 2, Transcript of the Deposition of John Crance ("Crance Dep. Tr.") 22:8–13, 41:18–20. DOCCS transported Plaintiff from Five Points to the Brooklyn parole office. *Id.*



████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

On September 18, 2015, Plaintiff was compliant with Defendants the entire time she was in their custody.  Crance Dep. Tr. 170:16–23.  On September 18, 2015, there was no reason at all for any Defendant to use force on Plaintiff.  *Id.* 170:16–20.

**B. DOCCS's Investigation and Discipline of Defendant Crance**

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

An investigation into this incident was conducted by OSI.  *See* Fu Decl. Ex. 13, OSI Report of Complaint Progress.  As part of the investigation, Plaintiff was questioned by OSI.  April 14, 2016 Arb. Tr. 139:11 – 140:6.

Plaintiff initially told OSI that she believed the name of the officer who attacked her was "Strangio" or "Strangeo" (phonetic).  Fu Decl. Ex. 14, Transcript of OSI Interview of Carey Smith ("Plaintiff OSI Tr.") 16:17 – 18:17; Fu Decl. Ex. 15, Transcript of Deposition of Carey Smith ("Plaintiff Dep. Tr.") 67:11 – 68:1. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ Officer

"Strangio"/"Strangeo" is Defendant Crance.  Plaintiff Dep. Tr. 67:18–20.

████████████████████████████████████████████████

████████████████████████████████████████

Defendant Crance was suspended from DOCCS without pay effective November 30, 2015. Fu Decl. Ex. 1, Arbitration Opinion and Award ("Arb. Op.") at 2. DOCCS served a notice of discipline on Defendant Crance, charging him with 6 separate disciplinary infractions:

1. On September 18, 2015, while on duty as Transportation Officer at Five Points Correctional Facility, you used unnecessary physical force on an inmate, in violation of DOCCS Employees' Manual Sections 2.2, 9.1 and 9.2, and DOCCS Directive #4944: Use of Physical Force. Specifically, immediately prior to your involvement with the transport of Inmate Carey Smith (10A1107) from Five Points CF to the Community Supervision Office in Brooklyn, you punched the inmate in the face while in the infirmary after you ordered the inmate to take a shower and the inmate refused.

2. On September 18, 2015, after using physical force on an inmate as noted in Charge #1, you failed to report the use of force, in violation of DOCCS Employees' Manual Sections 2.2 and 9.4, and DOCCS Directive #4944: Use of Physical Force. Specifically, after using physical force on inmate Carey Smith

(10A1107) as noted in Charge #1, you failed to complete and submit to the Superintendent a "Use of Force Report" immediately following your use of physical force on said inmate.

3. On September 18, 2015, while involved with the transport of an inmate from Five Points CF to the Community Supervision Office in Brooklyn, you failed to discharge your duties and comport yourself so as to carry out the programs and policies of the Department, in violation of DOCCS Employees' Manual Sections 2.2, 2.23 and 7.9. Specifically, while transporting inmate Carey Smith (10AI107), you observed blood on inmate Smith's shirt at a rest area stop off of NY Highway 7 and did not report it to your supervisor, Sgt. J. Duda.

4. On September 18, 2015, while involved with the transport of an inmate from Five Points CF to the Community Supervision Office in Brooklyn, you failed to report an inmate injury, in violation of DOCCS Employees' Manual Sections 2.2, 2.23, 7.9 and 8.2. Specifically, you observed swelling under inmate Carey Smith's (10A1107) left eye shortly after arriving to the Community Supervision Office in Brooklyn and did not report it to your supervisor, Sgt. J. Duda.

5. On September 18, 2015, while at the Community Supervision Office in Brooklyn following the transport of inmate Carey Smith (10A1107), you provided false and misleading information to the Office of Special Investigations (OSI), in violation of DOCCS Employees' Manual Sections 2.2 and 4.16. Specifically, in a memorandum to OSI dated September 18, 2015 you stated that you did not observe any injuries to inmate Smith during his transport from Five Points CF to the Community Supervision Office in Brooklyn.

6. On October 7, 2015 at approximately 10:30 a.m., while being questioned by OSI staff at the State Office Building in Utica, New York, you provided false and misleading information, in violation of DOCCS Employees' Manual Sections 2.2 and 4.16. Specifically, during the examination:

- You stated that inmate Carey Smith (10AI 107) requested to shower prior to his transport from Five Points CF to the Community Supervision Office in Brooklyn and did so without incident.
- You stated that you did not use physical force on inmate Smith in the infirmary.

9

Fu Decl. Ex. 17, Notice of Discipline.

C. **The Arbitration**

Subsequently, Defendant Crance's union, the New York State Correctional Officers and Police Benevolent Association, filed a disciplinary grievance and demand for arbitration on his behalf. Fu Decl. Ex. 18, Disciplinary Grievance Form. Defendant Crance and the union were represented by experienced counsel, W. James Schwan, Esq., during the arbitration. *See generally* Fu Decl. Ex. 3, 5, 6, 7.

DOCCS and Defendant Crance's counsel agreed that Timothy Taylor, Esq., would serve as the arbitrator. Fu Decl. Ex. 19, February 26, 2016 Schwan Letter. As part of the arbitration, testimony was taken over several days from April 2016 through June 2016, pursuant to the procedures of the New York State Public Employment Relations Board. Arb. Op. at 2.



The arbitrator also examined a DOCCS van identical to the one used to transport Plaintiff. Arb. Op. at 27. After all of the testimony, both sides submitted closing briefs. Arb. Op. at 2.

Arbitrator Timothy Taylor determined, "by a preponderance of the credible evidence," that Defendant Crance was guilty of all 6 charges brought against him. *Id.* at 24, 33. Specifically, the arbitrator found, by a preponderance of the evidence, that Defendant Crance struck Plaintiff in the

10

face while they were in the infirmary. *Id.* at 24. The arbitrator's finding was made based on the testimony and evidence submitted by both sides. *Id.* at 24 – 30.

Arbitrator Taylor found that the State of New York had probable cause to suspend Defendant Crance from state service on December 12, 2015. *Id.* at 32. As a result of the arbitrator's findings, Defendant Crance's dismissal from service and loss of any accrued annual leave was upheld as an "appropriate penalty." *Id.* at 33.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (additional citation omitted). "The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (citing *Anderson*, 477 U.S. at 249–50).

**ARGUMENT**

**THE COURT SHOULD GRANT SUMMARY JUDGMENT TO PLAINTIFF ON HER § 1983 EXCESSIVE FORCE CLAIM AGAINST DEFENDANT CRANCE**

**A.** **Collateral Estoppel Bars Defendant Crance from Relitigating the Fact that He Punched Plaintiff**

The arbitrator's factual finding that Defendant Crance punched Plaintiff in the Five Points infirmary should be given preclusive effect.   "Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002).  To determine the preclusive effect of the arbitration proceeding, the court should apply New York's collateral estoppel doctrine.  *See Cruz v. N.Y.C. Transit Auth.*, No. 24-CV-89 (AT) (HJR), 2025 U.S. Dist. LEXIS 8503, at *24 (S.D.N.Y. Jan. 16, 2025) (using New York's collateral estoppel doctrine), *adopted by Cruz v. N.Y.C. Transit Auth.*, No. 24-CV-89 (AT) (HJR), 2025 U.S. Dist. LEXIS 34391, at *4 (S.D.N.Y. Feb. 25, 2025); *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 344 (S.D.N.Y. 2018) (same).[3]

Collateral estoppel "bars the relitigation of an issue that was raised, litigated, and actually decided by a judgment in a prior proceeding, regardless of whether the two suits are based on the same cause of action." *Postlewaite v. McGraw-Hill, Inc.*, 333 F.3d 42, 48 (2d Cir. 2003). "Collateral estoppel applies when: (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Lobban*, 345 F. Supp. 3d at 344.  "The party asserting issue preclusion bears the burden of showing that the identical

---

[3] The Second Circuit has stated that "there is no discernible difference between federal and New York law concerning res judicata and collateral estoppel." *Algonquin Power Income Fund v. Christine Falls of N.Y., Inc.*, 362 F. App'x 151, 154 (2d Cir. 2010).

issue was previously decided, while the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995)

Collateral estoppel has been applied in § 1983 actions to bar relitigation of issues decided in a prior proceeding. *See, e.g.*, *Randolph v. Marche*, 588 F. Supp. 3d 355, 358 (W.D.N.Y. 2022) (holding that state court Article 78 decision that found that prison disciplinary hearing officer's conduct of the hearing was proper barred relitigation of the same factual issues underpinning prisoner's § 1983 due process claims); *Davis v. Jackson*, No. 15-CV-5359 (KMK), 2018 U.S. Dist. LEXIS 3327, at *32 (S.D.N.Y. Jan. 8, 2018) (holding that state court Article 78 decision that found no due process violations in a prison disciplinary proceeding barred prisoner's subsequent § 1983 due process claims about the same proceeding); *cf. Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (considering whether an administrative law judge's factual findings at a parole revocation proceeding barred relitigation of a parolee's § 1983 excessive force claim).

"[C]ollateral estoppel applies to issues resolved by arbitration 'where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award.'" *Daugherty v. Jefferson Cty.*, No. 13-CV-491 (FJS/ATB), 2015 U.S. Dist. LEXIS 103369, at *8 (N.D.N.Y. Aug. 6, 2015) (quoting *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 267–68 (2d Cir. 1997)); *see also Kalyanaram v. N.Y. Inst. of Tech.*, 549 F. App'x 11, 13–14 (2d Cir. 2013) (giving preclusive effect to an arbitrator's finding that employee-plaintiff's termination was supported by non-retaliatory reasons and holding that this barred plaintiff's *qui tam* claim for retaliatory termination); *Beaton v. Metro. Transp. Auth. N.Y.C. Transit*, No. 15-CV-8056 (ER), 2018 U.S. Dist. LEXIS 35486, at *23 (S.D.N.Y. Mar. 2, 2018) (giving preclusive effect to an arbitrator's finding that

employee-plaintiff was sleeping on duty and holding that this barred the plaintiff's claim for discriminatory termination).

Here, all of the factors necessary for the Court to apply collateral estoppel have been met. First, the issue of whether Defendant Crance punched Plaintiff was decided in the arbitration. It is important to note that, for collateral estoppel based on a fact issue, it is irrelevant that the arbitrator did not (and could not) decide whether Crance violated Plaintiff's constitutional rights. As the Second Circuit has stated:

> Where, as here, the issue to which the plaintiff seeks to give preclusive effect concerns only the existence or non-existence of certain facts, and not the legal significance of those facts, it need only deal with the same past events as the previously-decided issue to be considered identical. In such cases, the 'legal standards to be applied' need not be identical."

*Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 81 (2d Cir. 2019).

The arbitrator found, after evaluating all the evidence, testimony, and arguments, that Crance punched Plaintiff while they were in the Five Points infirmary after Crance ordered Plaintiff to take a shower and she refused. *See* Arb. Op. at 24 – 30. The arbitrator's conclusion was made based on a preponderance of the evidence (*id.* at 24), after ruling out that any of the other Defendants struck Plaintiff (*id.* at 27–28) and rejecting Crance's arguments about alternative explanations for Plaintiff's injuries (*id.* at 25, 26–27). Whether Crance punched Plaintiff in the Five Points infirmary is the identical issue to be decided in this matter.

Second, the arbitrator's factual finding was necessary for the outcome of the arbitration. This is because Defendant Crance was specifically charged with violating DOCCS's policies and procedures against using unnecessary physical force on a prisoner when he "punched the inmate in the face while in the infirmary after [he] ordered the inmate to take a shower and the inmate

14

refused." Thus, the arbitrator could not have found Defendant Crance to be guilty of this disciplinary charge without finding that Defendant Crance did exactly what he was accused of.

Third, the fact that Defendant Crance punched Plaintiff is decisive of liability on Plaintiff's excessive force claim against him in this action. As the Second Circuit has held, "an issue is 'decisive in the present action' if it would prove or disprove, without more, an essential *element* of any of the claims set forth in the complaint." *Curry*, 316 F.3d at 332 (emphasis added). Here, as discussed further below, an essential element of Plaintiff's Eighth Amendment claim against Defendant Crance is that he used force on her. Moreover, the evidence in the arbitration proceedings (as in this action) shows that there was no reason or need to use force on Plaintiff at any time on September 18, 2015. In addition, at the arbitration (as in this action), ████████ ███████████████████████████████████████████████████████████████ ███████████████████ Accordingly, the fact that he punched Plaintiff proves an essential element of Plaintiff's excessive force claim.

Next, Defendant Crance had a full and fair opportunity to litigate the issue of whether he punched Plaintiff. In considering whether a party had a full and fair opportunity to litigate the issue, a court should consider "the various elements which makes up the realities of litigation," including "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." *Curry*, 316 F.3d 324 (citations omitted). An analysis of these factors support the application of collateral estoppel here.

At the outset, pursuant to the union's collective bargaining agreement, Defendant Crance filed a grievance and arbitrated DOCCS's notice of discipline. *See* Disciplinary Grievance Form.

The Notice of Discipline specifically charged Defendant Crance with punching Plaintiff in the Five Points infirmary after Plaintiff refused to take a shower. *See* Notice of Discipline ¶1. Defendant's and the union's interests were represented by experienced counsel.[4] DOCCS and Defendant's counsel agreed to the selection of the arbitrator. *See* February 26, 2016 Schwan Letter.

During the arbitration proceedings, 

As part of the arbitration proceedings, Defendant had the opportunity to call witnesses, to testify himself, to present evidence, and to cross-examine witnesses called by DOCCS. Moreover, after the close of testimony, both sides submitted briefing. *See* Arb. Op. at 2; Therefore, the arbitration proceeding was full and fair, and Crance had a full and fair opportunity to litigate the issue of whether Crance punched Plaintiff in the Five Points infirmary. *See also* Arb. Op. at 2 (noting that the parties had the opportunity to present witnesses, cross-examine all witnesses, and submit exhibits).

Other considerations that may be relevant to the "full and fair" analysis, discussed above, also support the application of collateral estoppel. For example, discovery in this action revealed no significant new evidence that would support Defendant Crance's defense. In this action as in the arbitration, he has taken the position that he did not punch Plaintiff and "[has] no idea" what

---

[4] A search of "William James Schwan" on the New York State Unified Court System's attorney directory (*available at* https://iapps.courts.state.ny.us/attorneyservices/search) indicates that he was admitted to the New York bar in 1973.

happened to her.  *See* Crance Dep. Tr. 170:13–20; 173:8–15.  In this action, as in her interview with OSI, Plaintiff has stated, under the penalties of perjury, that Crance punched her repeatedly after she objected to taking a shower.  Plaintiff OSI Tr. 16:17 – 18:17; Plaintiff Dep. Tr. 90:19 – 92:18.

Finally, since Plaintiff is seeking to use collateral estoppel "offensively" to prevent Defendant Crance from relitigating a factual issue resolved in the arbitration, the Court must also "satisfy itself that application of the doctrine is fair."  *Bear, Stearns & Co. v. 1109580 Ont., Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)). In *Parklane*, the Supreme Court held that a plaintiff in a private action may use collateral estoppel to prevent a defendant from relitigating an issue that has already been decided against it.  439 U.S. at 332–33.  In doing so, the Supreme Court held that trial courts should have broad discretion to determine when it should or should not be applied.  *Id.* at 331.[5]  As a "general rule," where a plaintiff could have easily joined in the earlier action or where "the application of offensive estoppel would be unfair to a defendant," the trial court should not allow the use of offensive collateral estoppel.  *Id.* The first concern is not implicated here because Plaintiff could not have joined the arbitration as a party.

With regard to fairness, the Supreme Court in *Parklane* made some observations.  For example, if the stakes are low in the first proceeding, a defendant "may have little incentive to defend vigorously, particularly if future suits are not foreseeable."  *Id.* at 330.  Here, both Defendant Crance and the union had ample incentive to litigate whether Crance punched Plaintiff.

---

[5] *See Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 80 (2d Cir. 2019) (holding that the standard for appellate review of the legal test for collateral estoppel is *de novo*, while the district court's fairness analysis "*i.e.*, its determination, after finding that the four-prong legal test is satisfied, that the *application* of nonmutual offensive collateral estoppel is either *fair or unfair*—is reviewed for abuse of discretion.") (emphasis in original).

17

This was the most serious charge in the Notice of Discipline, and Defendant Crance knew that his job was at stake. Moreover, there was no apparent conflict of interest between him and the union that precluded the union from litigating vigorously on his behalf.

The *Parklane* court also noted that allowing offensive collateral estoppel "may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant." *Id.* No such concern is implicated here.

Lastly, the *Parklane* court observed that "another situation where it might be unfair to apply offensive estoppel is where the second action affords the defendant procedural opportunities unavailable in the first action that could *readily* cause a different result." *Id.* at 330–31 (emphasis added). That is also not a concern here. Discovery has been completed. With regard to Plaintiff's excessive force claim against Defendant, the parties will likely rely on the same evidence that was available at the time of the arbitration and Defendant Crance's and Plaintiff's testimony about what happened in the infirmary has stayed generally consistent.

Moreover, as the Supreme Court has observed, arbitration is a suitable vehicle to decide issues, including issues that are more complex than the factual issue here. *See Shearson/American Express v. McMahon*, 482 U.S. 220, 232 (1987) ("arbitral tribunals are readily capable of handling the factual and legal complexities of antitrust claims, notwithstanding the absence of judicial instruction and supervision") (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 633-34 (1985)); *see also Manley v. Diversified Recovery Bureau, LLC*, No. 20-CV-551Si(F), 2021 U.S. Dist. LEXIS 182448, at *4 (W.D.N.Y. Sep. 23, 2021) ("Arbitration is strongly favored by federal courts."). Therefore, it is fair to apply collateral estoppel here.

Accordingly, the Court should apply collateral estoppel and bar Defendant Crance from relitigating the fact that he punched Plaintiff in the infirmary at Five Points Correctional Facility on September 18, 2015.

**B.**  **Applying Collateral Estoppel Here, Plaintiff is Entitled to Summary Judgment on Her Eighth Amendment Excessive Force Claim**

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S. Ct. 995, 998 (1992).  To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both subjective and objective elements. *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).  The subjective element focuses on "the defendant's motive for his conduct," and the objective element focuses on "the conduct's effect." *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (citing *Hudson*, 503 U.S. at 7–8 (additional citation omitted)). The subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct. *Sims,* 230 F.3d at 21 (citing *Blyden*, 186 F.3d at 262).  The objective component of an Eighth Amendment claim "focuses on the harm done." *Sims*, 230 F.3d at 21 (2d Cir. 2000).  In the "excessive force context . . . [w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated."  In other words, "the malicious use of force to cause harm constitutes an Eighth Amendment violation *per se*, whether or not significant injury is evident." *Griffen v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999).

Here, if the Court precludes Defendant Crance from relitigating the fact that he punched Plaintiff, then Plaintiff is entitled to summary judgment on her Eighth Amendment claim against

Crance. This is because, as he acknowledged in his deposition, there was no reason to use force on Plaintiff on September 18, 2015:

> Q: At any point from the time that you got her out of the cell to the time that you turned her over to Brooklyn Parole, was there any reason at all to use force on Ms. Smith?
>
> A: No, sir.
>
> Q: And why is that?
>
> A: She didn't cause any problems. She was compliant the whole time.

Crance Dep. Tr. 170:16–23.

## CONCLUSION

On a detailed record, after a full-blown evidentiary arbitration including 6 days of testimony from nine witnesses, documentary evidence, and the inspection of physical evidence, a neutral arbitrator found that Defendant John Crance punched Plaintiff Carey Smith in the infirmary of Five Points Correctional Facility on September 18, 2015. Plaintiff respectfully requests that the Court apply collateral estoppel and preclude Defendant Crance from relitigating this discrete factual issue. Because it is otherwise undisputed that it was unnecessary for any correction officer to use any force on Plaintiff at that time, Plaintiff also respectfully requests that the Court grant her partial motion for summary judgment on liability on her Eighth Amendment claim against Defendant Crance.

Dated: October 13, 2025
      New York, New York

                                  Respectfully submitted,

                                  THE FU FIRM PLLC
                                  By: */s/ Yan Fu*
                                  Yan Fu
                                  43 W. 43rd Street, Suite 205
                                  New York, NY 10036
                                  (212) 584-0581
                                  yfu@thefufirm.com

GIDEON ORION OLIVER

*/s/ Gideon Orion Oliver*
277 Broadway, Suite 1501
New York, NY  10007
t: (718) 783-3682
f: (646) 349-2914
Gideon@GideonLaw.com


COHEN & GREEN PLLC

By: */s/ Regina Yu*
Regina Yu
1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
t: (929) 888-9480
f: (929) 888-9457
regina@femmelaw.com

MOIRA MELTZER-COHEN

*/s/ Moira Meltzer-Cohen*
Moira Meltzer-Cohen
277 Broadway, Suite 1501
New York, NY 10007
t: (212) 219-1919
meltzercohen@gmail.com


*Attorneys for Plaintiff Carey Smith*